**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Civil Action Number:

JUAN CARLOS GIL,

     Plaintiff,

vs.

PALM BEACH COUNTY FLORIDA
d/b/a Palm Beach Convention Center
 and www.pbconventioncenter.com,

     Defendant.

---

## COMPLAINT

---

     COMES NOW Plaintiff Juan Carlos Gil ("Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant Palm Beach County Florida ("Defendant") for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12131 et. seq. ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504") and alleges as follows:

### INTRODUCTORY STATEMENT

     1.    This is an action to end the systemic civil rights violations being committed by Defendant Palm Beach County Florida (doing business as Palm Beach Convention Center) against the visually impaired community of disabled individuals who seek the full and equal enjoyment of the services, facilities, privileges, advantages and accommodations of the Defendant in a manner equal to that afforded to others.

1

2.     This action alleges that Defendant Palm Beach County Florida has violated federal laws and regulations by failing to insure that Defendant's Palm Beach Convention Center accommodates individuals with disabilities by removing barriers to access within its website, and has otherwise failed to provide means of effective communication for individuals who are visually impaired.

3.     Plaintiff Juan Carlos Gil brings this action to stop the marginalization of the blind, vision impaired, and low vision patrons of Defendant Palm Beach Convention Center.

4.     This case arises out of the fact that Defendant Palm Beach County Florida is operating the Palm Beach Convention Center in a manner that excludes individuals who are visually impaired from access to Defendant's services, programs and activities based upon Defendant's failure to provide auxiliary aids and services for effective communications.

5.     Defendant Palm Beach County Florida (also referenced as "Defendant") operates a place of public accommodation which is a convention center that hosts conventions, trade shows, meetings and social events in its exhibits halls, ballrooms, and various other spaces and whose services includes an audio-visual team, food & beverage services/ catering, and box-office services, all under the name "(the) Palm Beach Convention Center."

6.     This complaint seeks declaratory and injunctive relief to correct Defendant's policies and practices to include measures necessary to ensure compliance with federal law, to provide auxiliary aids and services for effective communication in Defendant's business which includes Defendant's www.pbconventioncenter.com website

("Website") so that Plaintiff (and other individuals who are visually impaired) can access and communicate with Defendant effectively and timely such that their access to Defendant's place of public accommodation (which is a convention center and all the ancillary service and sales establishments a convention center entails) are not impeded; as such impediment has rendered Defendant's physical places of accommodation not fully accessible to the visually impaired.

7.      This complaint also seeks compensatory damages to compensate Plaintiff for having been subjected to unlawful discrimination by Defendant as a result thereof.

8.      These discriminatory policies and practices violate Title II of the Americans with Disabilities Act.

**JURISDICTION & VENUE**

1.      This is an action for declaratory and injunctive relief pursuant to Title II of the Americans With Disabilities Act, 42 U.S.C. §§s 12131-12133 ("ADA") and Sections 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").

2.      This Court has jurisdiction under 28 U.S.C. §§ 1331.

3.      Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because Defendant resides within this Judicial District, a substantial part of the events or omissions giving rise to this cause of action took place within this district, and Defendant's Website is available to the general public within this district.

4.      Further, the Palm Beach Convention Center (which Defendant operates) is located in the district.

## THE PARTIES

### Juan Carlos Gil

5.     Plaintiff Juan Carlos Gil ("Plaintiff") is a resident of the State of Florida, resides within this judicial district, is *sui juris*, is disabled and a qualified individual as defined by the ADA.

6.     Plaintiff is legally blind due to optic nerve damage, has cerebral palsy, is unable to walk, is confined to a wheelchair, and as such, is a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2) and the regulations implementing the ADA as set forth at 28 CFR §§ 35 *et seq*.

7.     Plaintiff Juan Carlos Gil is an athlete who travels for his athletic triathlon endeavors, and also is an advocate for the rights of blind and wheelchair bound disabled individuals (like himself).   In the past year, Plaintiff has traveled to Arizona, Orlando, and Boston to attend various conventions and meetings to advance the rights of the disabled. Such events include, but are not limited to, the National Federation for the Blind convention in Orlando[1], the American Counsel for the Blind convention in Nevada, and various focus groups and meetings throughout the east coast (including New York and Boston).

8.     Plaintiff is substantially limited in performing one or more major life activities, including (but not limited to) accurately visualizing his world and adequately traversing obstacles and therefore, his condition meets the definition of a physical or mental impairment as to "disability", as defined at 28 CFR § 35.108(b)

### Palm Beach County Florida

---

[1] July 2017

9.     Defendant Palm Beach County Florida ("Defendant") is a governmental entity which owns and operates the Palm Beach County Convention Center which is a multi-purpose facility in West Palm Beach Florida that opened in 2004. An architectural masterpiece with state-of-the-art amenities, the 350,000 square-foot center features a 100,000 square-foot exhibit hall, a 22,000 square-foot ballroom and 21,000 square feet of flexible breakout space. The warm, welcoming ambiance extends to the convention center's service teams that include an audio-visual team, food & beverage services/ catering, and box-office services. The facility hosts many high profile consumer shows, conventions, meetings and social events in its exhibits halls, ballrooms, and various other spaces, and is the premier convention center of Palm Beach County, Florida.

10.     Defendant conducts its business as an agency and instrumentality of Palm Beach County and the State of Florida and is a "public entity" subject to Title II of the ADA. 42 U.S.C. § 12131 (1) (A).

11.     On information and belief, Defendant is also a recipient of federal funds and as such, is also subject to the requirements of Sections 504 of the Rehabilitation Act.

12.     Defendant is domiciled in n Palm Beach County, where it provides the service of a convention center, or other place of exhibition or entertainment to citizens, residents, and visitors of Palm Beach County Florida.

13.     Defendant operates the Palm Beach Convention Center.

## FACTS

14.     Like many members of our society, Plaintiff uses the internet to communicate, enrich his life, access vital information and perform necessary tasks such

as making purchases of goods, events, and services; including accessing information about health care, medical providers and facilities.

15. Plaintiff is blind, cannot use a computer without the assistance of screen reader software[2] and requires assistive technologies, auxiliary aids and services for effective communication.

16. The Palm Beach Convention Center is open to the public and is a place of public accommodation being a convention center, which offers to the public a convention venue which hosts conventions, trade shows, meetings and social events.  Therefore the Palm Beach Convention Center is subject to the requirements of Title III of the ADA and its implementing regulation as "a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment" pursuant to 42 U.S.C. §12182, §§s 12181(7)(C) and 28 C.F.R. Part 36. The Palm Beach Convention Center is referenced throughout as "Place of Public Accommodation," "(the) Palm Beach Convention Center," or "convention center."

17. The Palm Beach Convention Center also contains concession stands which are open to the public, some of which sell merchandise and some of which sell food and drink. As such, the Palm Beach Convention Center is also a "place of public accommodation" pursuant to 42 U.S.C. §12182, §§s 12181(7)(B) & (E) and 28 C.F.R. Part 36.

18. The Palm Beach Convention Center offers for sale to the public tickets to performances and events at the Palm Beach Convention Center, memorabilia, apparel,

---

[2] A "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to provide audible and braille information about icons, menus, dialogue boxes, files and folders.

and food and drinks, which is heretofore, referenced as "merchandise," or "goods, events, and services."

19. At all times material hereto, Defendant was (and is) an organization which operates the Palm Beach Convention Center, which is open to the public. As the operator of the Palm Beach Convention Center, Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment" 42 U.S.C. §12181(7)(C) and 28 C.F.R. §36.104(2)

20. Since the Palm Beach Convention Center includes food and beverage services which offer food and drink menus and catering services, Defendant is defined as a "Public Accommodation" as which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

21. The Defendant controls, maintains, and/or operates a collection of related web pages, including multimedia content, typically identified with a common domain name, and published on at least one web server; namely the domain located at a website called www.pbconventioncenter.com ("Website").

22. Defendant's Website is an electronic storefront and business permits the public to access a schedule of upcoming events (such as People Who Care Annual "Share-a-Thon" and various trade shows like the WWA Annual Symposium), access third party links which enable the public to order tickets to events online, to learn about Palm Beach Convention Center employment opportunities, to investigate the food and drink options offered through their catering menu, and the ability to request/ plan an event through Defendant's Website. Through its business structure (which includes its

Website), Defendant is statutorily required to provide auxiliary aids and services for the disabled.

23.     For all of the reasons as delineated herein, clearly, the Website is an integral part of the goods, events, and services offered by Defendant. By this nexus, the Website is characterized as a Place of Public Accommodation pursuant to Title III, 42 U.S.C. §§s 12181(7)(C), (B), (E) of the ADA[3].

24.     If the Defendant offers a Website, the Defendant must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the public.

25.     At all times material hereto, Defendant was (and is) an organization owning and operating the Website. Since the Website is open through the internet to the public as part of the Place of Public Accommodation which Defendant is under contract to operate, Defendant (as the owner and/or operator of the Website) is defined as a "Public Accommodation" within meaning of Title III, 42 U.S.C. §§s 12181(7)(C), (B), (E) and 28 C.F.R. §36.104(2).  As such, Defendant has subjected itself and the Website it has created and maintains, to the Americans with Disabilities Act ("ADA").

26.     Plaintiff is a customer who is interested in purchasing Palm Beach Convention Center event tickets, event merchandise, and club access such as which is offered through the Defendant's Palm Beach Convention Center physical located at 650 Okeechobee Boulevard, West Palm Beach, Florida 33401.

---

[3] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." ( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

27.     On or about August 2017, the Plaintiff called the Defendant's Palm Beach Convention Center to inquire about the upcoming events and menu options available at the Palm Beach Convention Center. Defendant's representative failed to fully assist Plaintiff and referred Plaintiff to its Website.

28.     Thereafter and following Plaintiff attempted on several occasions to utilize Defendant's Website to browse through the schedule of events for times, dates, seating and event ticket pricing to educate himself as to the Palm Beach Convention Center upcoming events and other accommodations provided at the Palm Beach Convention Center with the intent then going to the Palm Beach Convention Center to attend an event.

29.     Plaintiff utilizes "Jaws" Screen Reader software (hereinafter referenced as "screen reader software"), which when utilized, allows individuals who are visually impaired to communicate with an accessible internet website(s).

30.     Defendant's Website contains access barriers that prevent the Plaintiff and other visually impaired individuals from being able to use their keyboards and screen reading software.

31.     The fact that Plaintiff could not communicate with Defendant's Website left him excluded from accessing necessary health care information including Defendant's physical locations, and further left him with the feeling of segregation, rejection, isolation, and unable to participate in Defendant's services, programs and activities in a manner equal to that afforded to others.

32.     The Plaintiff also unsuccessfully attempted to locate an ***Accessibility Notice***[4] in the Defendant's Website which would direct him to a webpage with contact information for disabled individuals who have questions, concerns or who are having difficulties communicating with Defendant.

33.     While Defendant addresses individuals with disabilities on its Website by referencing the Americans with Disabilities Act (at http://www.pbconventioncenter.com/downloads/1504103703.80113800_24d28449c8/2011%20Facility%20Guide%20-%20Updated%2011.21.11.pdf, that PDF which references the Americans with Disabilities Act is itself not accessible to visually impaired individuals. While the convention center itself may be accessible, the fact is that Defendant's Website is not accessible to blind and visually impaired individuals. Therefore, despite Defendant's notice of accessibility within its Website (in the form of an inaccessible PDF), Defendant's Website is inaccessible, and Plaintiff is unable to comprehend the Website.

34.     The fact that Plaintiff could not communicate with Defendant left him excluded from accessing Defendant's physical location, and left Plaintiff with the feeling of segregation, rejection, and isolation, as Plaintiff was unable to participate in the same manner as provided to the public.

35.     The Plaintiff's inability to access and use accessible auxiliary aids and services has impaired, obstructed, hindered, and impeded Plaintiff's ability to enjoy the goods, events, and services offered by Defendant's business at Defendant's physical

---

[4] **hyperlink**, or simply a link, is a reference to data that the reader can directly follow either by clicking, tapping, or hovering. A **hyperlink** points to a whole document or to a specific element within a document.

location (the Palm Beach Convention Center). Plaintiff's inability to enjoy and learn about the Palm Beach Convention Center events, and food/drink options available therein resulted in a *virtual barrier* which has precluded Plaintiff's enjoyment of and access to Defendant's goods, events, and services.  Plaintiff's inability to enjoy the Palm Beach Convention Center's selection of goods, events, and services prior to entering the Palm Beach Convention Center (which is operated by Defendant) has hindered, impeded and inhibited Plaintiff's entry to the Palm Beach Convention Center. Plaintiff has missed out on purchasing and enjoying Defendant's goods, events, and services, and as such, Plaintiff has suffered particularized harm and an injury in fact. Because Plaintiff cannot communicate with Defendant, Plaintiff has not had access to the sporting events, artistic performances hosted at the Palm Beach Convention Center and thereby also enjoying goods, events, and services at the Palm Beach Convention Center.

36.    Plaintiff continues to desire to patronize Defendant, but is unable to do so, as he is unable to effectively communicate with the Defendant in order to obtain access to Defendant's physical location in order to participate in the goods, events, and services offered at Defendant's the Palm Beach Convention Center. Plaintiff's inability to communicate with/comprehend Defendant's business effectively has impeded Plaintiff's ability to patronize Defendant's physical location.  As such, the Plaintiff (and others with vision impairments) will suffer continuous and ongoing harm from the Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

37.    Defendant's Website is inaccessible because it does not interface with the widely and readily available technologies such as screen reader software to ensure effective communication to the visually impaired community.

11

38.     Defendant's   Website   lacks   prompting   information   and   the
accommodations necessary to allow visually impaired individuals who use screen reader
software to read PDF documents and to obtain information on the schedule of events
within the Palm Beach Convention Center, and the selection of food and drink available
at the Palm Beach Convention Center.

39.     Types of website programming errors include (but are not limited to) *(i)*
*Programming Error Types* ("PETs"), which are easily identifiable and correctable, *(ii)*
*Programing Alert Error Types* ("PATs"), which are prone to making the website
inaccessible, and *(iii)* Design Errors ("DE's") that create empty headings and text fields
that create confusion for a user that rely on the 'TAB' key to navigate a web page.

40.     A sampling review of just a part *of the* Defendant's Website reveals that
the website is not functional for users who are visually impaired.  The Website contains
several types of PETs, which occur throughout the Website such as:

    1)  The language of the document is not identified,
    2)  Image alternative text is not present, and
    3)  A form control does not have a corresponding label.

41.     Further, the Defendant's Website also contains various types of PATs
which occur throughout the Website, such as:

    1)  Alternative text is likely insufficient or contains extraneous information,
    2)  An event handler is present that may not be accessible,
    3)  A heading level is skipped,
    4)  Flash content is present,
    5)  Adjacent links go to the same URL,
    6)  A link contains no text, and
    7)  Alternative text is likely insufficient or contains extraneous information.
    8)  More violations may be present on other pages of the website, and they
    will be determined and proven through the discovery process.

37.     Defendant's Website contains one or more links to PDF attachments.  For example, one such PDF is  the Palm Beach Convention Center's catering menu located at http://www.pbconventioncenter.com/downloads/1503989369.38087900_a2c8a7c7e7/Catering%20Menus%202015-2016.pdf. The PDF attachment's flat surface does not contain accessible coding and does not include a text-based format (or equivalent). Defendant has not added 'alt[5]' tags or long descriptions for the PDF within its Website. The PDF attachment has not been provided in HTML or with a text equivalent, and is not a webpage[6], therefore inaccessible to the visually impaired.

38.     Further, the Website does not offer the universal symbol for the disabled[7] which would permit disabled individuals to access the website's accessibility information and accessibility protocols.

39.     On information and belief, Defendant has not initiated an accessible ADA Policy to insure full and equal use of their business by individuals with disabilities.

40.     On information and belief, Defendant has not instituted an Effective Communications Policy to insure full and equal use of its Auxiliary Aids and Services by individuals with disabilities.

41.     On information and belief, Defendant has not designated an employee as an Accessibility Coordinator to insure full and equal use of its Auxiliary Aids and Services by individuals with disabilities and to investigate complaints.

---

[5] 'alt' refers to 'alternative text'

[6] (which is an internet document usually in HTML)

[7] ᵀᴹ , or HTML "Accessibility" link for those individuals who are visually impaired

42.     On information and belief, Defendant has not instituted an Auxiliary Aids and Services Accessibility User Testing Group to insure full and equal use of its Auxiliary Aids and Services by individuals with disabilities.

43.     On information and belief, Defendant has not instituted an Automated Accessibility Testing program.

44.     On information and belief, Defendant has not created and instituted a Specialized Customer Assistance line, nor service, or email contact mode for customer assistance for the visually impaired.

45.     Defendant has not created a website page for individuals with visual disabilities, nor displayed a link and information hotline, nor created an information portal explaining when and how the Defendant will make the www.pbconventioncenter.com website, Applications, and Digital Assets and information accessible to the visually impaired community.

46.     Defendant's Auxiliary Aids and Services do not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility[8].

47.     On information and belief, Defendant does not have an Auxiliary Aids and Services Accessibility Policy.

48.     On information and belief, Defendant has not disclosed to the public any intended audits, changes, or lawsuits to correct the inaccessibility of its Auxiliary Aids and Services.

---

[8] developed by the Web Accessibility Initiative (WAI) working group of the World Wide Web Consortium which defined how to make Web content more accessible to people with disabilities (W3C)

49.     On information and belief, Defendant has not offered any other credible alternative Auxiliary Aids and Services for the blind and visually impaired to access the electronic information and documents it maintains in its Website.

50.     Thus, the Defendant has not provided Plaintiff with full and equal enjoyment of the services, facilities, privileges, advantages and accommodations provided at its business.

51.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. Incorporating basic Auxiliary Aids and Services components to make the Website accessible would neither fundamentally alter the nature of Defendant's business nor would it result in an undue burden to the Defendant.

52.     Defendant is aware that its Website does not interface with screen reader software used by the visually impaired.

53.     By virtue of the fact that Defendant operates a large venue for public gathering for conventions, Defendant knew or should have known that blind and visually impaired individuals are very likely to utilize medical services Defendant provides through the Palm Beach Convention Center.

54.     The Defendant is aware of its barriers to effective communication within its Auxiliary Aids and Services which prevent individuals with disabilities who are visually impaired from the means to comprehend information presented therein.

55.     The Defendant's virtual barriers to access by the visually disabled is just as real as physical barriers to access and prevents the Plaintiff and those who are

similarly situated from the opportunity to have equivalent access to and fully enjoy the programs, services and activities offered by Defendant.

56.     The above stated barriers are unlawful which result in discrimination, isolation and unequal treatment of the blind, visually impaired or persons with low vision.

## <u>COUNT I – VIOLATIONS OF TITLE II OF THE ADA</u>

57.     Plaintiff Juan Carlos Gil (on his own behalf and on behalf of Class Members) re-alleges and incorporates by reference the foregoing allegations and would further state as follows:

58.     The broad mandate of the ADA is to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life and that mandate extends to internet websites operated by entities including Defendant and its operation of the <u>www.pbconventioncenter.com</u> website.[9]

59.     Title II of the ADA mandates that no qualified individual with a disability shall, by reason of such disability, be excluded from full and equal participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity, 42 U.S.C. § 12132.

60.     42 U.S.C. §12131(1)(b) states that a public entity includes any instrumentality of a state or local government.

---

[9] Congress expressly stated when passing the ADA, "the types of accommodation and services provided to individuals with disabilities, under all of the titles of this bill, should keep pace with the rapidly changing technology of the times" and technological advances "may require public accommodations to provide auxiliary aids and services in the future which today would not be required.

61.     The Palm Beach Convention Center is an agency and instrumentality of Palm Beach County in the State of Florida and is subject to Title II of the ADA.

62.     Defendant is required to provide full and equal enjoyment of its services, programs, and activities in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12131, et. seq.; 28 C.F.R. Part 35.

63.     As a public entity, Defendant must:

a) Ensure that no individual is discriminated against on the basis of disability or excluded from participation or denied the benefits of services, programs, or activities.  28 C.F.R. §35.130(a),

b) Ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals unless the public entity can demonstrate that taking those steps to modify policies, practices, or procedures would fundamentally alter the nature of the service, program, or activity. 28 C.F.R. §35.130(b)(7).

c) Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals unless the public entity can demonstrate that legitimate safety requirements are necessary for safe operation. Any safety requirements must be based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities; 28 C.F.R. §35.130(h).

64.     The Department of Justice ("Department") has long taken the position that State and local government websites are covered by the ADA. In other words, the websites of public entities covered by Title II of the statute are required by law to ensure

that their sites are fully accessible to individuals with disabilities[10].

65.     According to 28 C.F.R. §35.104, the required auxiliary aids and services includes "screen reader software; magnification software; optical readers; secondary auditory programs (SAP); large print materials; accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision".

66.     As a result of the virtual barriers within its Website, the visually impaired are also being denied the full and equal access to the Palm Beach Convention Center in a manner equal to that afforded to others; in derogation of Title II of the ADA and Section 504.

67.     Defendant's Website is an integral part of Palm Beach Convention Center's provision of goods, events, and services to the public as well as a gateway to access the Palm Beach Convention Center facilities, and by this nexus, the website is subject to Title II of the ADA as well as Sections 504 of the Rehabilitation Act.

68.     In addition, as a public entity, Defendant and the Palm Beach Convention Center which it operates, may not, directly or through contractual or other arrangements, utilize methods of administration that deny individuals with disabilities access to said public entity's services, programs, and activities or that perpetuate the discrimination of another public entity; 28 C.F.R. § 35.130(b)(3).

---

[10] See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

69.     As a public entity, Defendant is required pursuant to Title II to make reasonable modifications in its policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity; 28 C.F.R. § 35.130(b)(7).

70.     As a public entity, Defendant must also take appropriate steps to ensure that its communications with individuals with disabilities are as effective as communications with others, and furnish the appropriate auxiliary aids and services, (such as accessible electronic documents), to afford individuals with disabilities an equal opportunity to participate in, and enjoy the benefits of its services, programs, or activities, see 28 C.F.R. §§ 35.160(a)-(b).

71.     Defendant is required to provide its auxiliary aids and services in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability; 28 C.F.R. 36.303 (c)(ii)

72.     The electronic information maintained by Defendant in its Website must be formatted in a manner that complies with all State and Federal laws, including without limitation, the Americans with Disabilities Act and Section 508 of the Federal Rehabilitation Act of 1973 as incorporated into Florida law by Section 282.603, Florida Statutes.

73.     The failure of Defendant's Website to be accessible impedes Plaintiff and similarly situated visually impaired individuals from fully accessing the goods, events, and services provided by Defendant at the Palm Beach Convention Center, and in so doing, Defendant has discriminated against the visually impaired.

74.     It is clear that the ADA applies to the Defendant's Website for the following reasons: (1) the statutory construction of the ADA demonstrates its applicability is not limited to physical "brick and mortar" locations; (2) Congress' intent was for the ADA to be responsive to changes in technology; and (3) the Department of Justice has interpreted the ADA to apply to websites.

75.     The ADA's legislative history makes it clear that Congress intended the ADA to adapt to changes in technology, such as the technology afforded through websites, the internet and e-commerce. Congress has stated that "the types of accommodation and services provided to individuals with disabilities . . . *should keep pace with the rapidly changing technology of the times.*" *Nat'l Ass'n of the Deaf v. Netflix, Inc.,* 869 F. Supp. 2d at 200 (D. Mass. 2012)[11] *Netflix,* (citing H.R. Rep. 101-485(II), at 108 (1990)); *Nat'l Fedn. of the Blind v. Scribd Inc*., 97 F. Supp. 3d, 574 (same) (D. Vt. 2015)[12] (emphasis added). For example, Congress identified "information exchange" (the principal function of a website) as an important area of concern where expanding technology would be subject to the ADA. *Scribd,* 97 F. Supp. 3d at 574 (citing H.R. Rep. 101-485(II), at 108 (1990)).

76.     Recent case law supports that the intangible barriers presented within Defendant's Website are violative of the ADA.  In rendering his decision that Winn Dixie

---

[11] the plaintiff sued Netflix, Inc., ("Netflix") under Title III of the ADA based on Netflix's failure to provide equal access to its video streaming website "Watch Instantly" for deaf and hearing impaired individuals. There, the plaintiff alleged the website itself was a place of public accommodation because the website qualifies as a "place of exhibition and entertainment," "place of recreation," "sales or rental establishment," and "service establishment" as enumerated by the ADA. *Id.* at 200.
[12] wherein the plaintiff filed a complaint alleging a violation of the ADA against Scribd, Inc., ("Scribd"), in that it provided a digital library operating reading subscription services on its websites and mobile app which were incompatible with reader software and denied blind persons' access to Scribd's services

Stores, Inc.'s website contained barriers to access which are prohibited by the ADA[13], Judge Scola drew upon the decision in *Rendon v. Valleycrest Prods., Inc.* 294 F.3d 1279, 1284 n.8 (11th Cir. 2002), where the Eleventh Circuit noted that the plain language of Title III of the ADA covers both tangible, physical barriers that prevent a disabled person from accessing a public accommodation, as well as "**intangible barriers**, such as eligibility requirements and screening rules or discriminatory policies and procedures that restrict a disabled person's ability to enjoy the defendant entity's goods, services and privileges . . . ." 249 F.3d at 1283 **(emphasis added)**.

77.     The Plaintiff's position is further supported by recent case law which states that companies which that have not fully updated their websites so that they are accessible to visually impaired individuals are not immune to redress. See, *Lucia Markett v. Five Guys Enterprises LLC* No. 17-cv-788 [DE #33] Order Denying Defendant's Motion To Dismiss, where the Honorable Judge Katherine B. Forrest rejected the defendant's argument that Five Guys' in-process renovation of its website which will eventually result in its website being accessible to plaintiff and other blind and visually impaired individuals (after the renovation is complete) rendered plaintiff's claim as moot.

78.     By the Defendant's blatant discrimination, by its failure to provide auxiliary aids and services for use with its Website,  Defendant has violated Title II of the ADA in numerous ways, including discriminatory action which occurred when the Defendant failed to maintain policies and procedures to ensure compliance with Title II of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to

---

[13] *Juan Carlos Gil v Winn Dixie Stores, Inc.* No. 16-cv-23020 [DE #63].

comprehend and access Defendant's Auxiliary Aids and Services. These violations within Defendant's Website are ongoing.

79.     As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and 28 C.F.R. §36.303 to remedy the discrimination

## COUNT II – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

80.     Plaintiff Juan Carlos Gil re-alleges and incorporates by reference the factual allegations set forth above.

81.     Plaintiff is legally blind, which substantially limit him in his major life activities, including his ability to effectively communicate in the sighted world. Therefore, Plaintiff is a qualified individual with a disability under Section 504 of the Rehabilitation Act.

82.     On information and belief, Defendant is a recipient of federal financial assistance, federal grants, and other federal funds.

83.     Congress enacted the Rehabilitation Act in 1973 to enforce the policy of the United States that all programs, projects, and activities receiving federal assistance ". . . be carried out in a manner consistent with the principles of . . . inclusion, integration, and full participation of the individuals [with disabilities]." 29 U.S.C. § 701(c) (2000).

84.     Section 504 of the Act prohibits recipients of federal funding from discriminating against disabled persons and requires that facilities, programs or activities operated by a federally-funded entity be readily accessible to persons with disabilities. See 28 C.F.R. §§ 42.520.

85.     Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, requires that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to otherwise be discriminated against.

86.     Specifically, as related to violations of Section 504, blind and visually impaired individuals need to comprehend and access the health care services which Defendant provides. Yet, Defendant's Website is not equipped to effectively communicate with blind and visually impaired individuals by being programed to interface with screen reader software.

87.     As a recipient of Federal funds, Defendant, pursuant to Section 504 may not deny a qualified handicapped person the opportunity to participate in or benefit from the aid, benefit, or service. 45 CFR 84.4 (b)(1)(i)

88.     As a recipient of Federal funds, Defendant, pursuant to Section 504 may not afford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others. 45 CFR 84.4 (b)(1)(ii)

89.     As a recipient of Federal funds, Defendant, pursuant to Section 504 may not provide a qualified handicapped person with an aid, benefit, or service that is not as effective as that provided to others. 45 CFR 84.4 (b)(1)(iii)

90.     As a recipient of Federal funds, Defendant, pursuant to Section 504 may not provide different or separate aid, benefits, or services to handicapped persons or to any class of handicapped persons unless such action is necessary to provide qualified handicapped persons with aid, benefits, or services that are as effective as those provided to others. 45 CFR 84.4 (b)(1)(iv)

91.     As a recipient of Federal funds, Defendant, pursuant to Section 504 may not aid or perpetuate discrimination against a qualified handicapped person by providing significant assistance to an agency, organization, or person that discriminates on the basis of handicap in providing any aid, benefit, or service to beneficiaries of the recipients program or activity. 45 CFR 84.4 (b)(1)(v)

92.     As a recipient of Federal funds, Defendant, pursuant to Section 504 may not deny a qualified handicapped person the opportunity to participate as a member of planning or advisory boards. 45 CFR 84.4 (b)(1)(vi)

93.     As a recipient of Federal funds, Defendant, pursuant to Section 504 may not otherwise limit a qualified handicapped person in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service. 45 CFR 84.4 (b)(1)(vii)

94.     As a recipient of Federal funds, Defendant, pursuant to Section 504 may not, directly or through contractual or other arrangements, utilize criteria or methods of administration (i) that have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap, (ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the recipient's program or activity with respect to handicapped persons, or (iii) that perpetuate the discrimination of another recipient if both recipients are subject to common administrative control or are agencies of the same State. 45 CFR 84.4 (b)(4)

95.     As a recipient of Federal funds and pursuant to Section 504, Defendant is required to evaluate (with the assistance of interested persons including handicapped persons or organizations representing handicapped persons) its current policies and

practices and the effects thereof that do not or may not meet the requirements of this part. 45 CFR 84.6 (c)(1)(i)

96.     As a recipient of Federal funds, Defendant, pursuant to Section 504 is required to modify, after consultation with interested persons, including handicapped persons or organizations representing handicapped persons, any policies and practices that do not meet the requirements of this part. 45 CFR 84.6 (c)(1)(ii)

97.     As a recipient of Federal funds, Defendant, pursuant to Section 504 is required to take, after consultation with interested persons, including handicapped persons or organizations representing handicapped persons, appropriate remedial steps to eliminate the effects of any discrimination that resulted from adherence to these policies and practices. 45 CFR 84.6 (c)(1)(iii)

98.     As a recipient of Federal funds, Defendant, pursuant to Section 504 is required to designate at least one person to coordinate its efforts to adopt grievance procedures that incorporate appropriate due process standards and that provide for the prompt and equitable resolution of complaints alleging any action prohibited by this part. 45 CFR 84.7 (a) & (b)

99.     As a recipient of Federal funds, Defendant, pursuant to Section 504 is required to insure that no qualified handicapped person, because its facilities are inaccessible to or unusable by handicapped persons, is denied the benefits of, be excluded from participation in, or otherwise be subjected to discrimination under any of its programs or activities. 45 CFR 84.21

100.     Defendant has discriminated against Plaintiff (and other individuals with visual impairments) in the unequal provision for use and access of its place of public

accommodation (the Palm Beach Convention Center facilities) based upon the barriers to access within its Website.  As a result, Plaintiff has experienced exclusion, segregation, mental anguish, and humiliation in violation of his civil rights.

101.    Defendant's policies, practices and procedures, particularly the actions and omissions described above have violated Plaintiff's rights under Section 504 by discriminating on the basis of a disability.

102.    Defendant has discriminated against Plaintiff by failing to provide auxiliary aids and services necessary to ensure effective communication with individuals who are blind or visually impaired, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

103.    Defendant's actions were as a result of commissions or omission and deliberate indifference to the rights of the Plaintiff.

104.    As a result of Defendant's actions, Plaintiff has been damaged and has suffered injuries and shame, humiliation, isolation, segregation, experienced emotional suffering, pain and anguish.

105.    For all of the foregoing, Plaintiff has no adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Juan Carlos Gil hereby demands judgment against Defendant Palm Beach County Florida including a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title II of the ADA and Section 504 of the Rehabilitation Act, permanently enjoin Defendant Palm Beach County Florida

from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services, programs, activities and facilities, as well as:

a)   issue a declaratory judgment that Defendant has violated the Plaintiff's rights as guaranteed by Title II of the ADA and Section 504 of the Rehabilitation' Act;

b)   enter an Order requiring Defendant to update its www.pbconventioncenter.com website to remove barriers in order that individuals with visual disabilities can access the Website and effectively communicate with the Website to the full extent required by Title II of the ADA and Section 504 of the Rehabilitation Act, including compliance with Web Content Accessibility Guideline 2.0 level AA (WCAG 2.0 AA");

c)   enter an Order requiring Defendant to clearly display the universal disabled logo[14] within its Website, wherein the logo would lead to a page which would state Defendant's accessibility information, facts, policies, and accommodations to insure that individuals who are disabled are aware of the availability of the accessible features of the www.pbconventioncenter.com website;

d)   enter an Order requiring Defendant to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a



14

website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

e)      enter an Order directing Defendant to create policies, practices and procedures regarding auxiliary aids and services toward persons with visual disabilities;

f)      require Defendant to provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the Website for purposes of accessing and locating the physical location of the Palm Beach Convention Center, obtaining information on the schedule of events to be held at the Palm Beach Convention Center, and of otherwise accessing Defendant's Website as the sighted public;

g)      award damages in an amount to be determined at trial;

h)      award Plaintiffs' reasonable litigation expenses and attorneys' fees; and

i)      award such other and further relief as it deems necessary, just and proper.

Dated this 30th day of Florida,  2017.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*

28