UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-CV-80996-ROSENBERG/REINHART

JUAN CARLOS GIL,

    Plaintiff,

v.

PALM BEACH COUNTY FLORIDA,
*doing business as* PLAM BEACH
CONVENTION CENTER and
www.pbconventioncenter.com,

    Defendant.
_____/

## **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS**

This cause is before the Court on Plaintiff's Motion to Dismiss this case as moot. DE 69. Although Plaintiff cites Fed. R. Civ. P. 41(b) as the basis for dismissal, that provision is inapplicable because it addresses the involuntary dismissal of a case if a plaintiff has failed to prosecute or comply with procedural rules or a court order. The Court instead construes Plaintiff's Motion as brought under Fed. R. Civ. P. 41(a)(2), which permits a plaintiff to move to voluntarily dismiss a case after the opposing party has served an answer or a motion for summary judgment.

Plaintiff contends that this case is moot because Defendant has modified the website at issue to become compliant with the Americans with Disabilities Act ("ADA"). Defendant does not object to the case being dismissed, and both parties seek dismissal with prejudice. DE 71; DE 73. Therefore, the Court will dismiss the case with prejudice under Fed. R. Civ. P. 41(a)(2).

The parties dispute whether Defendant, having obtained a voluntary dismissal with prejudice, is entitled to recover costs and attorney's fees. A defendant is considered a prevailing party if he obtains from a plaintiff a voluntary dismissal with prejudice. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007); *see also Hunt v. Hawthorne Assocs., Inc.*, 119 F.3d 888, 911 & n.63 (11th Cir. 1997) (stating, following the voluntary dismissal of a defendant with prejudice, that "Eastern's dismissal from the case with prejudice operated as an adjudication on the merits in favor of Eastern on all claims Hunt had brought against the company").

"Unless a federal statue, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This provision "establishes a presumption that costs are to be awarded to a prevailing party" but gives a court the discretion to decide otherwise. *Chapman v. Al Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000). However, a "court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered," and "[t]o defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Id.* at 1039; *see also* 42 U.S.C. § 12205 (giving a court discretion to award the prevailing party in an ADA case litigation expenses and costs).

Here, Defendant has not specified the costs that it seeks, and Plaintiff has not briefed whether a legal basis exists to deny Defendant any or all of its costs. The Court will entertain a motion to tax costs by Defendant that complies with the applicable procedural rules. *See* 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1); United States District Court for the Southern District of Florida Local Rule 7.3. In their briefing of the motion, the parties may address whether a legal basis exists to deny Defendant any or all of the costs being sought.

Defendant further contends that it is entitled to recover attorney's fees under 42 U.S.C. § 12205, 28 U.S.C. § 1927, Fed. R. Civ. P. 11, and this Court's inherent authority to sanction bad faith conduct. DE 71 at 7, 10. In an action brought under the ADA, a court "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee." 42 U.S.C. § 12205. A court may award a prevailing defendant attorney's fees under § 12205 only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 951-52 (11th Cir. 1999) (quotation marks omitted) (stating that an ADA defendant is not entitled to attorney's fees simply because the plaintiff ultimately did not prevail).

Defendant's representations to the Court belie a contention that Plaintiff's lawsuit was frivolous, unreasonable, or without foundation. Soon after the parties finished briefing their Summary Judgment Motions, Defendant moved to stay the case pending an Eleventh Circuit Court of Appeals opinion in another ADA case that Defendant believed would address a legal issue that is "fundamental . . . in this case" and "a question of first impression." DE 43. The Court granted a stay on that basis. DE 50 (staying the case in light of the "potential guidance" that the Eleventh Circuit opinion would provide). Based on Defendant's acknowledgement that one of the fundamental legal issues in this case was an issue of first impression that was pending before the Eleventh Circuit, the Court cannot find that this case was frivolous, unreasonable, or without foundation.

Defendant contends that Plaintiff continued to litigate the case even after it had become moot due to Defendant modifying the website at issue to become ADA compliant, and that such conduct by Plaintiff was unreasonable. To support this contention, Defendant points to an email

3

to Plaintiff's counsel dated November 17, 2017, in which Defendant's counsel represented that "Palm Beach County has agreed to the relief requested in the Complaint and is already working towards that goal," presumably meaning a goal of making the website ADA compliant. DE 71-2. Defendant does not explain when the website became ADA compliant or when Plaintiff became aware that the website was ADA compliant. The Court notes that Defendant never moved to dismiss this case as moot and that Defendant filed a Summary Judgment Motion on March 8, 2018, which did not contain an argument that the case was moot. DE 34. The Court stayed the case approximately a month and a half later, on April 27, 2018, pending the Eleventh Circuit opinion discussed above, and the case has remained stayed since that time. Defendant has not shown that Plaintiff continued to litigate the case after it had become moot.

Thus, the record does not support a finding that this case was frivolous, unreasonable, or without foundation, and Defendant's request for attorney's fees under 42 U.S.C. § 12205 is denied. *See Bruce*, 177 F.3d at 951-52. For the same reasons, the Court denies Defendant's request for an imposition of sanctions under 28 U.S.C. § 1927 and under the Court's inherent authority. *See* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) ("The key to unlocking a court's inherent power [to impose sanctions] is a finding of bad faith."). Finally, Defendant has not demonstrated that it has complied with the procedural requirements to bring a motion for sanctions under Fed. R. Civ. P. 11. *See* Fed. R. Civ. P. 11(c)(2) (requiring a motion for Rule 11 sanctions to be made

separately from any other motion and to be served on the opposing party at least 21 days before filing).

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Dismiss [DE 69] is **GRANTED**.

2. This case is **DISMISSED WITH PREJUDICE** under Fed. R. Civ. P. 41(a)(2).

3. Defendant's request for an award of attorney's fees is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 28th day of January, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record